## HIRST, (TRUSTEE,) v. THE DELAWARE AND SCHUYL-KILL CANAL COMPANY.

### December 19, 1840.

*Exceptions to a report of a jury.*

In assessing the damages sustained by a property owner by the making of the Delaware and Schuylkill Canal, the jury of freeholders appointed under the act of incorporation of April 12, 1828, cannot allow the owner any sum as *costs* incurred by him in the proceeding.

THIS was a proceeding under the act of 12 April, 1828, incorporating the Delaware and Schuylkill Canal Company, to have the damages assessed in consequence of the occupation of the land of plaintiff in constructing their canal. The freeholders appointed by the court assessed the damages at $1300.

The defendants filed the following exceptions to the report of the freeholders appointed to assess the damages:

"*First.* Because the damages assessed in the case are excessive, and greatly beyond the amount which ought to have been allowed if due regard had been had to the directions of the act of Assembly.

"*Second.* Because the freeholders have given to the petitioner a larger sum than the evidence showed to be the absolute value of the land, independently of the question of the advantages of the canal.

"*Third.* Because the freeholders have included in the damages a large sum of money for costs and expenses beyond the valuation of the land taken; whereas the act of Assembly directs them to value the land only, and declares the costs shall be assessed by the court."

The following depositions of witnesses produced and sworn or affirmed and examined on the part of the defendants, were read:

*Joseph Bunting*, of the county of Delaware, a witness, produced and affirmed, says:

"I am one of the freeholders who were appointed in this case to assess the damages. We awarded thirteen hundred dollars to

[Hirst, (Trustee,) v. the Delaware and Schuylkill Canal Company.]

the plaintiff, as far as I recollect. [James Todd, Esq. for plaintiff, here objects to the admission of any testimony as to the principles on which the jury made their award, and the witness says] My impression is that we included the costs in that amount, and that that was the understanding of all the jurors. I cannot state accurately the amount of the costs which we allowed. I recollect that we had a bill of costs presented to us by William L. Hirst, Esq. I recollect that one item was Evans' bill, eighty dollars. I recollect there was an item for serving notices, one for the omnibus, and one for qualifying the jury by Alderman Milnor. It strikes me that the whole amount was from one hundred and thirty to one hundred and fifty dollars. It strikes me that I recollected, and that I mentioned it at the time, that the defendants' attorney, T. I. Wharton, Esq. objected to the costs being introduced into the award at the public hearing."

*Cross-examined by James Todd, witness says:*—"At the time I had thought that sum pretty high damages, and I had proposed a lower sum; but I must confess it is a very difficult matter to assess the value of property in that neighbourhood. I am satisfied that both myself and my colleagues were anxious to do justice between the parties. I understood, and I believe it was the understanding of the whole of the men on the jury, that costs was a part of the damages done the individual."

*Benjamin Serrill*, of the county of Delaware, a witness produced and affirmed on the part of the defendants, says:

" I was a juryman in this case. [James Todd, Esq. here makes the same objection to the admission of testimony as to the principles on which it was made, as was made in the last deposition.] We did include in the damages an allowance for costs. My impression is that the amount we allowed for costs was three hundred dollars; not less than that sum. I saw no bill that I recollect of but Mr. Evans', which was eighty dollars. There was an account of the costs presented in a bill by Wm. L. Hirst. In his argument before the jury, Mr. Wharton, for defendant, objected to the costs being included in the award. Mr. Wharton was not present when Mr. Hirst presented the bill."

*Cross-examined by J. Todd, Esq. for plaintiff*, witness says:— " I do not recollect that the wages of the jurors were included in the amount of costs. We thought a thousand dollars would be a high valuation for the land, but it was my impression that the

[Hirst, (Trustee,) v. the Delaware and Schuylkill Canal Company.]

costs would be rather more than three hundred dollars. From a whole view of the case, including the costs, I do not consider the damages awarded as extravagant."

*T. I. Wharton,* for the exceptions.
*Hirst,* contra.

PER CURIAM.—The act says that damages shall be assessed for the injury sustained by the occupation of the land, and declares that the *costs* shall be assessed by the court. The freeholders were therefore in error in allowing $300 in their report for costs and expenses.

Report confirmed in the sum of $1000.